IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.1:08-CR-0047 LJO |
| Plaintiff, | ORDER on DEFENDANT BROWN'S MOTION TO UNSEAL SEARCH WARRANT AFFIDAVIT INFORMATION |
| vs. | |
| OLEWASAMI BROWN, | |
| Defendant. | |

Defendant Brown's motion to unseal attachment "C" to the search warrant affidavit came on regularly for hearing before the undersigned on May 30, 2008. Counsel for the Government was AUSA Kathleen Servatius. Counsel for Defendant Brown was Eric H. Schweitzer. The Court had read and reviewed all pleadings submitted by both sides of the issue. After oral argument, the Court ordered the Government to provide attachment "C" in both the redacted and the unredacted form for an in camera review. The matter was taken under submission.

On May 30, 2008, the Court received both forms of attachment "C" for its review, and in fact conducted the review that afternoon.

It is the legal position of the moving defendant that in every case, a confidential informant must be disclosed if the person is used to obtain a search warrant. The right to have the informant's identity disclosed is a constitutional right. This is true whether or not the government intends on calling the confidential informant as a witness at trial to attempt to prove the charges brought. No case on point was cited.

The government's legal position is that the district court needs to balance the defendant's need for the information with the competing interests of the defendant. The government cited the case of United States v Napier 436 F.3d 1133, 1134 (9th Cir. 2005). One of the factors for weighing includes

the safety of the informant, citing <u>Roviaro v United States</u> 353 U.S. 53, 60-64.

In reviewing the two forms of attachment "C" it is apparent that the deletions include the identity of the informant, coupled with two areas that included information that would allow a reader to infer the identity. The portions deleted are of such minimal quantity and near-insignificant value, that the Court need not balance rights and other factors, and therefore and hereby finds:

1. The redacted attachment "C" provides the true value and content of the information relied upon to issue the warrant;

2. There is no absolute right possessed by the Defendant to have the identity of an informant disclosed simply because the informant was mentioned in a search warrant affidavit;

3. That there has been no specific legal or factual need or right of disclosure stated by the defendant;

4. Based on the content redacted, no specific legal or factual need or right can be stated.

The redacted attachment "C" is to be provided forthwith to the defense counsel by the government. All other portions of the affidavit have been provided to the defendant in the normal course of discovery.

IT IS SO ORDERED.

**Dated:   May 30, 2008**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE